IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAKILA V. VINEY, as Administrator of the ESTATE OF ERIC VINEY, | : : | NO.: 2:20-cv-00367-JMG |
| Plaintiff | : : | CIVIL ACTION – LAW |
| v. | : : | JUDGE JOHN M. GALLAGHER |
| MONTGOMERY COUNTY; PRIMECARE MEDICAL, INC.; MARGARET CARRILLO, MD; JONATHAN COHEN, MD; MEGHAN HUGHES, PA; and KATIE HARVEY, CRNP, | : : : : : : : | *Electronically Filed* |
| Defendants | : | JURY TRIAL DEMANDED |

**PRIMECARE DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT WITH AFFIRMATIVE DEFENSES**

AND NOW, come the Defendants PrimeCare Medical, Inc. ("PrimeCare"), Margaret Carrillo, M.D., Jonathan Cohen, M.D., Meghan Hughes, PA-C, and Katie Harvey, CRNP (referred to collectively as "PrimeCare Defendants"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, who file this Answer with Affirmative Defenses to Plaintiff's Complaint (Doc. 1) by respectfully stating the following:

**I. PRELIMINARY STATEMENT**

1. Admitted in part; denied in part. It is admitted that Plaintiff has filed this civil rights survival and wrongful death action pursuant to 42 U.S.C. § 1983. It is specifically denied that the Defendants exhibited deliberate indifference or violated the applicable standard of care concerning the medical care provided to Eric Viney during his most recent incarceration at the Montgomery County Correctional Facility.

2. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

3. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

4. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

5. Admitted in part; denied in part. It is admitted that Mr. Viney was sent to a local emergency room by order of Dr. Carrillo. The remainder of this allegation is denied in that it contains conclusions of law and fact to which no response is required, If a response is deemed required, the averments contained herein are denied.

6. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

7. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, at all times material hereto, medical care is provided to inmates at Montgomery County Correctional Facility ("MCCF") consistent with the applicable standard of care and national correctional medicine standards.

8. Denied. After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

## II. JURISDICTION

9. Admitted.

## III. PARTIES

10. Denied. After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

11. Denied. After reasonable investigation, the PrimeCare Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph. The same is therefore denied.

12. The averments contained in this paragraph are directed at a party other than the PrimeCare Defendants, and therefore, no response is required. If a response is required, said averments are denied.

13. Admitted in part; denied in part. It is admitted that PrimeCare has a business address of 3940 Locust Lane, Harrisburg, PA 17109 and that it has a contract to provide medical services to inmates at MCCF. The remainder of this allegation is denied.

14. Admitted in part; denied in part. It is admitted that Dr. Carrillo is a physician employed by PrimeCare and that she has been assigned to work at MCCF. The remainder of this allegation is denied.

15. Admitted.

16. Admitted in part; denied in part. It is admitted that Megan Hughes is a licensed physician assistant employed by PrimeCare. The remainder of this allegation is denied.

17. Admitted in part; denied in part. It is admitted that Katie Harvey is a certified registered nurse practitioner employed by PrimeCare. The remainder of this allegation is denied.

18. Admitted.

19. Denied. At no time did the Defendant act in concert and conspiracy to cause any harm to Eric Viney. To the contrary, the medical care provided to Eric Viney conformed with the applicable standard of care.

20. Admitted in part; denied in part. It is admitted that during the relevant time period, Dr. Carrillo, Dr. Cohen, PA Hughes, CRNP Harvey were employees of PrimeCare. The remainder of this allegation is denied in that it contains conclusions of law fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## IV.  FACTUAL ALLEGATIONS

### A.  Pattern of Avoidable Deaths and Injuries Caused by Inadequate Medical Care at MCCF

21. – 27. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

28. Admitted in part; denied in part. It is admitted that Dr. Carrillo and other medical professionals have been sued. It is denied that the filing of a lawsuit has any bearing on the medical services provided to inmates. At no time did Dr. Carrillo or any other medical

professional lose at trial or have a verdict issued against them. All of the cited lawsuits were vigorously defended and the allegations contained in the complaints were denied.

30. – 33.   Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

### B. Mr. Viney's Serious Medical Needs and Defendants' Inadequate Care

34.   Admitted in part; denied in part. It is admitted that Mr. Viney was admitted to MCCF in July 2018. The remainder of this allegation is denied.

35. – 56.   Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

57.   Admitted in part; denied in part. It is admitted that PA Hughes was contacted on August 4, 2018, about Mr. Viney having swelling. The remainder of this allegation is denied. By way of further answer, PA Hughes was the on-call provider and received this information at approximately 22:30 hours. PA Hughes could not perform an evaluation of Mr. Viney at that time.

58.   Admitted in part; denied in part. It is admitted that PA Hughes ordered that Mr. Viney be placed in medical housing. The remainder of this allegation is denied. By way way of further answer, PA Hughes ordered that Mr. Viney's vital signs be monitored until he was evaluated by another provider.

59.   Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments

contained herein are denied. By way of further answer, PA Hughes was not in the facility when she received the information about Mr. Viney so an evaluation was not possible.

60. – 94. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

### C.  Defendants' Violation of Mr. Viney's Constitutional Rights and Relevant Standards of Care

95. – 104. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, at all times material hereto, Eric Viney receiving medical care which conformed with the applicable standard of care.

### V.  WRONGFUL DEATH AND SURVIVAL ACTIONS

105. – 113. Denied. The averments contained in these paragraphs contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied. By way of further answer, at all times material hereto, Eric Viney receiving medical care which conformed with the applicable standard of care.

### VI.  CLAIMS FOR RELIEF

### COUNT I
### Plaintiff v. Defendants Carrillo, Cohen, Hughes, and Harvey
### Federal Constitutional Claims

114. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## COUNT 2
### Plaintiff v. Defendants Montgomery County and PrimeCare
### Federal Constitutional Claims

115. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

## COUNT 3
### Plaintiff v. Defendants Carrillo, Cohen, Hughes, Harvey and PrimeCare
### State Law Negligence Claim

116. – 119. Denied. The averments contained in this paragraph contain conclusions of law and fact to which no response is required. If a response is deemed required, the averments contained herein are denied.

WHEREFORE, Defendants PrimeCare Medical, Inc., Margaret Carrillo, M.D., Jonathan Cohen, M.D., Meghan Hughes, PA-C, and Katie Harvey, CRNP respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. At all times material hereto, the PrimeCare Defendants provided medical treatment which conformed to the applicable standard of care.

3. Plaintiff is unable to demonstrate a deliberate indifference to a serious medical condition.

4. Plaintiff's claims and/or alleged losses, at most, demonstrate a difference of opinion as to medical treatment.

5. Plaintiff's claims and/or alleged losses may be limited and/or barred by the Prison Litigation Reform Act.

6. Plaintiff's claims and/or alleged losses are barred by the applicable statute of limitations.

7. The alleged negligence and/or deliberate indifference of the PrimeCare Defendants did not cause Plaintiff to suffer any injury.

8. At no time were Plaintiff's constitutional rights violated.

9. At all times material hereto, the PrimeCare Defendants are immune from suit.

10. PrimeCare Medical, Inc.'s policies and procedures conform to national accreditation standards.

11. PrimeCare Medical, Inc. cannot be vicariously liable for the alleged unconstitutional acts of its employees

12. The healthcare providers who provided treatment to Plaintiff utilized their best professional judgment in evaluating and providing treatment.

13. Any alleged negligence on the part of the PrimeCare Defendants, which negligence is expressly denied, was not the factual cause of any harm suffered by Plaintiff.

14. Plaintiff cannot demonstrate any deficiencies in PrimeCare Medical, Inc.'s policies and procedures for the provision of medical care at the Montgomery County Correctional Facility.

15. At all times material hereto, the practices of the PrimeCare Defendants have been reasonable and appropriate and have insured the protection of all rights, privileges and immunity of the public.

16. At no time material hereto did the PrimeCare Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

17. Plaintiff did not suffer any injuries or damages as a result of any acts or omissions by the PrimeCare Defendants.

WHEREFORE, Defendants PrimeCare Medical, Inc., Margaret Carrillo, M.D., Jonathan Cohen, M.D., Meghan Hughes, PA-C, and Katie Harvey, CRNP respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in their favor.

Respectfully submitted,

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

By: *s/ John R. Ninosky*
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone: (717) 651-3709
Fax: (717) 651-3707
jrninosky@mdwcg.com

Date:   March 17, 2020            Attorney for PrimeCare Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of March, 2020, the foregoing *Answer with Affirmative Defenses* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure:

Jonathan H. Feinberg, Esquire
Kairys Rudovsky Messing Feinberg & Lin, LLP
The Cast Iron Building, Suite 501 South
718 Arch Street
Philadelphia, PA  19106
*Attorney for Plaintiff*

                                            MARSHALL, DENNEHEY, WARNER
                                            COLEMAN & GOGGIN

                                            By: *s/ John R. Ninosky*
                                                  John R. Ninosky